IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-123 |
| | ) | Hon. Nora Barry Fischer |
| SAFETY-KLEEN SYSTEMS, INC., and | ) | |
| CLEAN HARBORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Compel the Discovery Deposition of Alan McKim, (Docket No. [124]); Defendant Clean Harbors, Inc.'s response in opposition, (Docket No. [126]); Plaintiff's reply, (Docket No. [128]); and Clean Harbors, Inc.'s sur-reply, (Docket No. [131]). After careful consideration of the parties' submissions, and for the following reasons, Plaintiff's Motion to Compel the Discovery Deposition of Alan McKim, (Docket No. [124]), is GRANTED.

As an initial matter, the Court notes that it has previously set forth the relevant facts and procedural background of this case in its prior Order denying Defendants' Motion for a Protective Order. (*See* Docket No. 122 at 1-2). The Court also provided an extensive overview of the amendment of Federal Rule of Civil Procedure 26, which governs discovery and now includes a discussion of proportionality. (*Id.* at 3-5). After considering the parties' arguments against the facts of this case, the Court concluded that Plaintiff's request to depose McKim satisfied Rule 26(b)(1) and that Defendants had failed to demonstrate good cause warranting a protective order. (*Id.* at 6). In so holding, the Court explained:

1

> With respect to Rule 26(b)(1), the issues at stake are certainly of importance to Plaintiff, who sustained severe injuries as a result of the described explosion. Plaintiff's injuries as described are more than significant and are long-lasting. The Court presumes that Plaintiff has also incurred hefty medical bills and other losses. Defendants are relatively large companies, have greater resources, and greater access to the information pertaining to both the claims and defenses.
>
> Further, the depositions of McKim and [Anthony] Celluci are important in resolving the issues pertaining to both jurisdiction and potential liability, and the likely benefit of such proposed discovery outweighs its burden or expense. To this end, McKim's and Celluci's names appear repeatedly on issues of safety in the documents provided to the Court.

(*Id.* at 6 (footnote omitted)). The Court also noted that "Plaintiff has stated that he will travel to Boston, Massachusetts, where both McKim and Celluci are located, to conduct the depositions." (*Id.* at 7). The Court suggested that "the depositions be scheduled at the same time that is convenient for McKim and Celluci, and that they be narrowly focused." (*Id.* at 8).

After Clean Harbors, Inc. filed its response in opposition to the instant motion, the Court ordered Plaintiff to produce a hard copy of the deposition of Chip Duffie. (Docket No. 127). Having reviewed same, along with the other documents that parties have filed in support of their respective positions, the Court will compel McKim's deposition. As the Court has previously stated, McKim's name repeatedly appears on issues of safety in the documents that the parties have provided. (*See* Docket No. 122 at 6). Duffie's deposition and the exhibits to same further confirm that McKim's deposition is important "in resolving the issues pertaining to both jurisdiction and potential liability, and the likely benefit of such proposed discovery outweighs its burden or expense." (*Id.*). Specifically, Duffie's deposition makes clear that McKim was the only signatory of Clean Harbors, Inc.'s corporate health, safety, and environmental commitment policies, and he had the authority to ensure that they were in place. McKim initiated the safety steering committee and ordered broader, more intense, longer, and more focused training on safety. He recommended that a formalized board be established to summarize incidents and

bring them to the safety steering committee for review and approval, and he ordered that all safety systems of record by on one system. Following Plaintiff's accident, McKim requested that gas-fired heaters not be used, and he suggested a ban on space heaters.

To the extent that Clean Harbors, Inc. again asserts that McKim's deposition could be considered to be an "apex" deposition, (*see* Docket No. 126 at 2-3), the Court again concludes that same is not sufficient to bar it. The Court reiterates that:

> "The 'apex doctrine' is an analytic framework used by courts is assessing whether to permit the depositions of individuals at the 'apex' of corporations and other entities." *United States ex rel. Galmines v. Novartis Pharm. Corp.*, No. 06-CV-3213, 2015 U.S. Dist. LEXIS 109997, at *3 (E.D. Pa. Aug. 20, 2015). "The doctrine recognizes that depositions of high-level officers severely burdens those officers and the entities they represent, and that adversaries might use this severe burden to their unfair advantage." *Id.* But, the apex doctrine does not apply where an officer possesses personal knowledge of the facts underlying this litigation. *In re Tylenol (Acetaminophen) Mktg. Sales Practices & Prods. Liab. Litig.*, No. 14-MC-72, 2014 U.S. Dist. LEXIS 89981, at *7 (E.D. Pa. July 1, 2014) ("Federal courts have the ability to prohibit the depositions of high-level executives in cases where the executive has no firsthand knowledge of the facts, under a theory which has come to be known as the apex doctrine."). As discussed above, the documents that Plaintiff has provided to the Court plainly demonstrate that both McKim and Celluci possess personal knowledge of the facts underlying this litigation. (*See* Docket No. 117). The apex doctrine, therefore, does not preclude McKim's and Celluci's depositions. *See, e.g.*, *Scranton Prods. v. Bobrick Washroom Equip., Inc.*, No. 14-CV-853, 2017 U.S. Dist. LEXIS 19488, at *7 n.1 (M.D. Pa. Feb. 10, 2017) (holding that the apex doctrine did not apply where the officials had knowledge that could not be obtained through the depositions of the defendant's other employees); *In re Tylenol (Acetaminophen) Mktg. Sales Practices & Prods. Liab. Litig.*, 2014 U.S. Dist. LEXIS 89981, at *11 (same); *Otsuka Pharm. Co. v. Apotex Corp.*, No. 07-1000, 2008 U.S. Dist. LEXIS 73515, at *15-16 (D.N.J. Sept. 12, 2008) (noting that "there is not a protective blanket that prohibits discovery from highly-placed executives" and denying the defendant's motion for a protective order because the defendant's chief executive officer had unique knowledge that other witnesses were unable to provide).

(Docket No. 122 at 6-7). Clean Harbors, Inc. has not provided any other persuasive authority supporting its position that McKim should not be deposed. (*See* Docket Nos. 126, 131). Indeed, Clean Harbors, Inc. primarily relies upon *Cantor v. Equitable Life Assurance Society of the*

*United States*, No. 97-5711, 1998 U.S. Dist. LEXIS 13240 (E.D. Pa. Aug. 26, 1998), wherein the Eastern District granted a motion for a protective order with respect to specific depositions because the high-level executives had not handled the decision to terminate the plaintiff's benefits. As delineated above and in the Court's Order denying Defendants' Motion for a Protective Order, McKim's deposition is warranted under Rule 26. As a final matter, the Court reiterates its previous suggestion that the deposition be taken after all other witnesses have been deposed, that it be narrowly focused, and that it be scheduled at a time the is convenient for McKim. (Docket No. 122 at 7-8).

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel the Discovery Deposition of Alan McKim, (Docket No. [124]), is GRANTED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 23, 2017

cc/ecf: All counsel of record